IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA;    )
    )
vs.    )
    )  **2:18-CR-00332**
DANIEL ESPY.    )

## OPINION and ORDER

Defendant Daniel Espy was classified as a career offender as a result of two prior Pennsylvania controlled substance offense convictions of "Possession with Intent to Deliver a Controlled Substance (Heroin)" in violation of 35 Pa. Cons. Stat. § 780-113(a)(30).  Presentence Investigation Report (PSR) ¶ 45 (2009) and ¶ 53 (2015).  On February 14, 2020, this Court overruled Mr. Espy's initial Objection to being classified as a career offender.  ECF No. 146.  Thereafter, Mr. Espy filed a Supplemental Position on Sentencing Factors raising two additional arguments challenging his career offender determination.  ECF No. 188.  The Government has responded to each of the arguments in separate pleadings.  ECF Nos. 189 and 194.  For the reasons explained below the Court will overrule one Objection and will set an evidentiary hearing on the other Objection.

I.    **Discussion**

A career offender enhancement applies to a defendant, like Mr. Espy, whose "instant offense of conviction" is a controlled substance felony that was committed when the defendant was at least eighteen years old and where "the defendant has at least two prior felony convictions of . . . a controlled substance offense."   U.S.S.G. § 4B1.1(a).  A "controlled substance offense" is defined in U.S.S.G. § 4B1.2(b) as

an offense under federal or state law, punishable by imprisonment for a term
exceeding one year, that prohibits the manufacture, import, export, distribution, or
dispensing of a controlled substance (or a counterfeit substance) or the possession
of a controlled substance (or a counterfeit substance) with intent to manufacture,
import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).  The Probation Office determined that Mr. Espy's two prior convictions for

"Possession with Intent to Deliver a Controlled Substance (Heroin)" in violation of 35 Pa. Cons.

Stat. § 780-113(a)(30) were predicate offenses supporting the career offender determination.  A

state conviction, however, does not "qualify as a 'controlled substance offense if its elements are

broader than those listed in § 4B1.2(b)."  United States v. Glass, 904 F.3d 319, 321 (3d Cir.

2018) (citing Mathis v. United States, ___ U.S. ___, ___ 136 S. Ct. 2243, 2251 (2016).

Mr. Espy argues that his prior Pennsylvania drug trafficking convictions under 35 Pa.

Cons. Stat. § 780-113(a)(30) are not career offender predicate offenses because the Pennsylvania

statute covers a broader range of conduct than conduct encompassed by the United States

Sentencing Guideline § 4B1.2(b)'s definition of a "controlled substance offense."

Mr. Espy argues that Pennsylvania defines the term "deliver" more broadly than the federal

definition of the analogous term "distribute," and therefore the state statute criminalizes a

broader range of conduct than the guidelines.  He also argues that Pennsylvania's definition of

"heroin" covers a broader range of types of heroin than does the federal counterpart definition of

"heroin."

**A.    Deliver**

Mr. Espy argues that the Pennsylvania statute covers a broader range of conduct than the

equivalent offense under the sentencing guidelines and federal definitions.  A comparison of the

respective state and federal definitions demonstrates the opposite: the Pennsylvania statute does

not sweep more broadly than the equivalent federal offense.  Pennsylvania makes it a crime to

"manufacture, *deliver*, or possess with intent to manufacture or *deliver*, a controlled substance."

35 Pa. Cons. Ann. § 780-113(a)(30) (emphasis added).  Pennsylvania law defines "delivery" to

mean "the actual, constructive, or *attempted transfer* from one person to another of a controlled

substance."  35 Pa. Cons. Ann. § 780-102 (emphasis added).  Under federal law it is crime "to

manufacture, *distribute*, or dispense, or possess with intent to manufacture, *distribute*, or

dispense, a controlled substance."  21 U.S.C § 841(a)(1) (emphasis added).  Federal law defines

"distribute" and the analogous term "delivery" as follows:

> (11) The term *"distribute" means to deliver* (other than by administering or
> dispensing) a controlled substance . . . .
>
> (8) The terms "deliver" or "delivery" mean the actual, constructive, or *attempted
> transfer* of a controlled substance . . . .

21 U.S.C. §§ 802(11) and (8) (emphases added).  A comparison of the Pennsylvania and federal

definitions demonstrates that "[t]here is no 'daylight' between the federal term 'distribute' and

the Pennsylvania term 'deliver.'"  United States v. Williams, 2021 WL 2160541, *3 (M.D. Pa.

May 27, 2021).  The Glass Court also determined that section 780-113(a)(30)'s definition of the

term "delivery" and the Guidelines' definition of the term "distribution" were substantively

identical, to conclude that the Pennsylvania law does not sweep more broadly than the federal

law.  904 F.3d at 322.  Since the definitions are substantively identical, the Pennsylvania statute

does not cover a broader range of conduct than the guidelines.

Mr. Espy also argues that the offense of "attempted transfer" of a controlled substance is

an inchoate crime that does not qualify as a controlled substance offense predicate under United

States v. Nasir, 17 F. 4th 459 (3d Cir. 2021).  "An inchoate offense is '[a] step toward the

commission of another crime, the step itself being serious enough to merit punishment.'"  Nasir,

17 F.4th at 469 (quoting Offense, Black's Law Dictionary (11th ed. 2019)).  Section 780-

113(a)(30) does not include an inchoate offense because the "attempted transfer" of a controlled substance establishes a completed offense.  As explained by the District Court in the Middle District of Pennsylvania, "an attempted transfer qualifies as a *completed* offense of distribution, not merely an attempt to commit the crime of distribution.  Said another way, a completed offense does not become an inchoate offense merely because the word 'attempt' appears in the definition of a term somewhere in the statute." Williams, 2021 WL 2160541, *3 (emphasis in original).

Mr. Espy cites two Sixth Circuit decisions that addressed similarly worded state statutes from Ohio and Texas.  In both cases, however, the conclusion that both state statutes included an "inchoate offense" that was outside the bounds of the guidelines' definition rested on Ohio's and Texas's legislation that expressly prohibited "offers to sell." United States v. Palos, 978 F.3d 373, 375 (6th Cir. 2020) and United States v. Cavazos, 950 F.3d 329, 336-37 (6th Cir. 2020). Section 780-113(a)(30) does not criminalize "offers to sell," and therefore the Sixth Circuit cases cited by Mr. Espy are inapposite.  As noted in Glass, the Pennsylvania legislature expressly criminalized "offers to sell" in § 780-113(a)(1), but chose not to include such offense in § 780-113(a)(30).[1] 904 F.3d at 322. Had the Pennsylvania legislature wanted to prohibit offers to sell under § 780-113(a)(30), it could have done so expressly as it did in subsection(a)(1). Pennsylvania's decision not to criminalize "offers to sell" in Section 780-113(a)(30) reinforces the conclusion that the statute does not contain an inchoate offense.  Thus, Mr. Espy's

---

[1] Section 780-113(a)(1) states:

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

(1) The manufacture, sale or delivery, holding, *offering for sale*, or possession of any controlled substance, other drug, device or cosmetic that is adulterated or misbranded.

35 Pa. Cons. Stat. § 780-113(a)(1) (emphasis added).

Pennsylvania criminal convictions are not inchoate offenses as in the <u>Nasir</u> case, which precluded the Virginia statute at issue from being applied as a career offender predicate offense. The <u>Nasir</u> analysis does not presently apply to prevent Mr. Espy's two Pennsylvania convictions under 7801-113(a)(30) from qualifying as predicate offenses in this case.

      **B.**     **Isomer**

Mr. Espy also argues that Pennsylvania's definition of "heroin" is broader than the federal definition of "heroin," and therefore a conviction under 35 Pa. Cons. Stat. § 780-113(a)(30) cannot be a qualifying predicate for career offender determination.

The relevant Pennsylvania law prohibits "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance . . ." 35 Pa. Cons. Stat. § 780-113(a)(30). Pennsylvania's Schedules of controlled substances provide as follows:

> (1) Schedule I-- . . . The following controlled substances are included in this schedule:
>
>     . . .
>
> (ii) Any of the following opium derivatives, their salts, isomers and salts of isomers, unless specifically excepted, whenever the existence of such salts, isomers and salts of isomers is possible within the specific chemical designation:
>
>     . . .
>
>     10. Heroin.

35 Pa. Cons. Stat. § 780-104(1)(ii)(10).

The analogous federal statute, designating "heroin" as a Schedule I(b) controlled substance, states:

> (b) Unless specifically excepted or unless listed in another schedule, any of the following opium derivatives, their salts, isomers, and salts of isomers whenever the existence of such salts, isomers, and salts of isomers is possible within the specific chemical designation [is a Schedule I(b) controlled substance]:
>
>     . . .
>
>     (10) Heroin.

21 U.S.C. § 812(b)(10).  The Controlled Substances Act defines the term "isomer" to mean only heroin's "optical isomer." 21 U.S.C. § 802(14).

The federal definition of heroin includes heroin and its optical isomers only. Pennsylvania's definition of heroin, however, includes heroin and its salts, isomers, and salts of isomers; which necessarily includes non-optical isomers not covered under federal law. Therefore, on its face, the Pennsylvania definition of heroin covers a wider range of conduct than the federal definition.

This does not resolve the issue, however, as the Government argues that the definition of "controlled substances" in § 4B1.2(b) is not limited to the federal definition of "controlled substances."  The Government argues that the career offender provision is intended to include controlled substance convictions as defined under the jurisdiction where the crime was committed.  Therefore, according to the Government, the fact that Pennsylvania law considers a violation of 35 Pa. Cons. Stat. § 780-113(a)(30) involving heroin to be a controlled substance offense (regardless of whether the substance was heroin or one of its salts, isomers, or salts of isomers) is sufficient to find that a prior conviction is a qualifying predicate offense for career offender determination.  There is currently a split in the Circuits as to whether the term "controlled substance" as used in the Guidelines, refers to the term as defined in the Controlled Substances Act[2], or whether the term "controlled substances" also includes substances controlled under state law[3].  The Court notes that in United States v. Singh, the Third Circuit considered,

---

[2]  Finding the term "controlled substance" is limited to the federal definition:  United States v. Bautista, 989 F.3d 698, 702 (9th Cir. 2021); United States v. Townsend, 897 F.3d 66, 69-72 (2nd Cir. 2018); and United States v. Gomez-Alvarez, 781 F.3d 787, 792-93 (5th Cir. 2015).  See also United States v. Abdeljawad, 794 F. App'x 745, 748 (10th Cir. 2019) (unpublished).

[3]  Finding the term "controlled substance" encompasses state law controlled substance offenses:  United States v. Henderson, No. 20-2594, 2021 WL 3817853, at *5 (8th Cir. Aug. 27, 2021); United States v. Ward, 972 F.3d 364, 372 (4th Cir. 2020); and United States v. Ruth, 966 F.3d 642, 654 (7th Cir. 2020).  See also United States v. Sheffey, 818 F. App'x 513, 519-50 (6th Cir. 2020) (unpublished).

without discussion, that a New York statute, that prohibited a controlled substance (chorionic gonadotropin) not prohibited under federal law, was broader than the federal definition for career offender purposes.  783 F. App'x 191, 195 (3d Cir. 2019) (unpublished).  The Third Circuit remanded the case to the District Court to determine whether there was a realistic probability that New York would prosecute someone for possession with intent to sell chorionic gonadotropin. Id. (quoting Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193 (2007)).  Here, the Government argues that Mr. Espy must also demonstrate a "realistic probability" that Pennsylvania would prosecute someone for possession with intent to distribute one of the non-optical isomers of heroin.  In Gonzales v. Duenas-Alvarez the United States Supreme Court explained as follows:

> to find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language. It requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime. To show that realistic probability, an offender, of course, may show that the statute was so applied in his own case. But he must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues.

Gonzales, 549 U.S. at 193.  See also Glass, 904 F.3d at 323 ("parties have failed to uncover any authority, such as state judicial decisions or pattern jury instructions, suggesting Pennsylvania would prosecute a mere offer to sell under § 780-113(a)(30)").  As regards Mr. Espy's argument concerning heroin and isomers, the record is not fully developed to permit the Court to render a decision.  The Government states in its Brief that it "is prepared to present evidence showing that there is no likelihood of a § 780-113(a)(30) prosecution based on a heroin isomer not prohibited by federal law."  ECF No. 194, at 13.  The Government identifies three potential witnesses it may call to testify.  Id.  Accordingly, the Court will hear government and defense evidence and argument on the "isomer" issue on a date amendable to all parties.  The sentencing set for

---

February 16, 2022 will be continued to a date to be determined, following ruling concerning this Defense Objection.

**III.     Conclusion**

Mr. Espy's Objection to being classified as a career offender based on the argument that the Pennsylvania term "deliver" encompasses broader conduct that the federal definition is overruled.  .

As regards Mr. Espy's Objection to the breadth of the Pennsylvania statute in relation to heroin and its isomers, a ruling is deferred pending hearing.

The Sentencing hearing set for February 16, 2022 at 2:30 P.M. is continued to a date to be determined.


SO ORDERED, this 27th day of January 2022.


BY THE COURT:

_____

MARILYN J. HORAN
United States District Judge